HENDRY, Judge.
This is an appeal by the plaintiff in the trial court from an adverse final judgment.
The plaintiff is the grandfather of the defendant, James John Dickson. On September 28, 1971, the plaintiff joined by his wife, Matilda Louise Dickson, executed a warranty deed conveying his real property to his grandson, reserving unto himself and his wife a life estate in the said property.
Thereafter, on August 2, 1972, the plaintiff filed his complaint seeking rescission and cancellation of the deed. Depositions were taken and two evidentiary hearings were held before the court. The court then heard oral argument from counsel and memoranda of law were submitted.
The court thereupon found as fact that the plaintiff independently determined the manner in which he desired to pass on his real property to his grandson, that • the plaintiff and his wife duly and properly executed the warranty deed in question, that the plaintiff understood the nature of the transaction and that he was executing a deed, reserving only the life estate to himself.
The plaintiff now seeks review of these findings, contending that the court erred in two respects: (1) in holding that the plaintiff’s wife, who on the date the deed was executed was in a Miami convalescent home, duly and properly executed the deed; and (2) in failing to find that the grandson exercised fraud or undue influence upon the plaintiff or his wife.
■We have carefully considered each point together with the oral argument of counsel in the light of the record and controlling principles of law. It is our conclusion that *337 the trial court’s findings are supported by competent substantial evidence and that no reversible error has been demonstrated.
Therefore, the final judgment appealed is affirmed.
Affirmed.